UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JALEANA STEVENSON | * | CIVIL ACTION NO. 17-6003 |
| | * | |
| | * | DIVISION: 1 |
| VERSUS | * | |
| | * | MAGISTRATE JUDGE |
| DELTA AIRLINES, INC. | * | JANIS VAN MEERVELD |
| | * | |
| ********************************** | * | |

ORDER AND REASONS

Before the Court is the Motion for Summary Judgment filed by Delta Airlines, Inc. (Rec. Doc. 50). For the following reasons, the Motion is GRANTED.

Procedural Background

Plaintiff Jaleana Stevenson was employed by Delta Airlines, Inc. ("Delta") from February 27, 2007 until June 19, 2013, when she sent an email to Delta stating her decision to resign. On May 21, 2014, she filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") asserting discrimination against her on the basis of race, disability, and retaliation. She asserted that on March 2, 2013, she had been demoted and on June 19, 2013, she had been constructively discharged. On March 31, 2016, the EEOC issued a determination that it was "unable to conclude that the information obtained establishes violations of the statutes." Stevenson filed the present lawsuit on July 1, 2016, in the United States District Court for the District of Columbia. She alleged claims for unlawful race discrimination, retaliation, and hostile work environment under Title VII of the Civil Rights Act, discrimination under the Americans with Disabilities Act ("ADA"), and violation of the Family Medical Leave Act ("FMLA"). On

1

May 5, 2016, the court in the District of Columbia dismissed Stevenson's retaliation, hostile work environment,[1] and FMLA claims and transferred the remaining claims to this district.

The parties consented to proceed before the undersigned magistrate judge. Trial is set to begin on January 28, 2019. Delta has moved for summary judgment. Stevenson opposes.

## Law and Analysis

1. *Summary Judgment Standard*

Summary Judgment under Federal Rule of Civil Procedure 56 must be granted where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56. The movant has the initial burden of "showing the absence of a genuine issue as to any material fact." Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). The respondent must then "produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat. Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). Evidence that is "merely colorable" or "is not significantly probative" is not sufficient to defeat summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

"An issue is material if its resolution could affect the outcome of the action." Daniels v. City of Arlington, Tex., 246 F.3d 500, 502 (5th Cir. 2001). Thus, "there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249. Although this Court must "resolve factual controversies in favor of the nonmoving party," it must only do so "where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013) (quoting Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540

---

[1] Although the court's May 5, 2017, Order (Rec. Doc. 15), does not reference dismissal of Stevenson's hostile work environment claims, the court's May 5, 2017, Memorandum Opinion "dismisses Plaintiff's retaliation and hostile work environment claims under Title VII." (Rec. Doc. 14).

(5th Cir. 2005). The Court must not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

Summary judgment is also appropriate if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

2. *Timeliness under Title VII and the ADA*

Title VII requires that a plaintiff must file her charge with the EEOC within 300 days after the alleged unlawful employment practice occurred in cases like this one where the plaintiff first filed her charge with the applicable state employment agency.[2] 42 U.S.C. §2000e-5(e)(1). The Americans with Disabilities Act incorporates the enforcement procedures of §2000e-5. Id. § 12117(a); Wallace v. Magnolia Family Servs., LLC, No. CIV.A. 13-4703, 2013 WL 6198277, at *4 (E.D. La. Nov. 27, 2013). The time period for filing "begins to run from the time the complainant knows or reasonably should have known that the challenged act has occurred."[3] Vadie v. Miss. State Univ., 218 F.3d 365, 371 (5th Cir. 2000).

Stevenson complains that she was demoted on March 2, 2013 and that she was constructively discharged on June 19, 2013. The latest of these—her termination from employment—occurred 336 days before she filed her EEOC charge on May 21, 2014. As Delta argues, Stevenson failed to file her EEOC charge within 300 days after the occurrence of any of

---

[2] Here, the Louisiana Commission on Human Rights.
[3] Hostile work environment claims are subject to the "continuing violation doctrine," such that "[a]s long as 'an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability.'" Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll., 850 F.3d 731, 737 (5th Cir. 2017), as revised (Mar. 13, 2017). Stevenson seems to urge a hostile work environment claim in her opposition to summary judgment, although her hostile work environment claims were dismissed. Even if such claims had not been dismissed, Stevenson does not appear to take the position that the continuing violation doctrine applies here. And indeed, there is no evidence of an act contributing to her claim occurring after the termination of her employment on June 19, 2013. Furthermore, her own Charge of Discrimination reflects that the latest date on which discrimination took place was June 19, 2013. (Rec. Doc. 1-3, p.2).

3

the alleged unlawful employment practices. Stevenson does not address the timeliness of her claim in opposition to the motion for summary judgment. No evidence reflects an unlawful employment practice after June 19, 2013, nor does the evidence suggest any reason why Stevenson should not have known the challenged acts occurred.[4] Accordingly, the Court finds that Stevenson's claims under Title VII and the ADA are time barred and must be dismissed with prejudice.

## Conclusion

For the foregoing reasons, Delta's Motion for Summary Judgment is GRANTED; Stevenson's claims against Delta are dismissed with prejudice.

New Orleans, Louisiana, this 13th day of November, 2018.

                                           _____
                                           Janis van Meerveld
                                           United States Magistrate Judge

---

[4] In some, limited cases, the limitations period in Title VII cases may be equitably tolled. Hull v. Emerson Motors/Nidec, 532 F. App'x 586, 588 (5th Cir. 2013) ("Equitable tolling is disfavored and should be applied only in exceptional cases, such as where purposeful misrepresentations misled a party or where a party could not have vindicated its rights even by exercising diligence."). The United States Fifth Circuit Court of Appeals has recognized the following as bases for equitable tolling: "(1) the pendency of a suit between the same parties in the wrong forum; (2) plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of her rights." Granger v. Aaron's, Inc., 636 F.3d 708, 712 (5th Cir. 2011). Stevenson voluntarily resigned from employment on June 19, 2013. She alleges that she was constructively discharged on that date. There is nothing to suggest that the EEOC or Delta misled Stevenson or concealed information from her that would prevent her from knowing of the alleged constructive discharge on June 19, 2013. Stevenson not only failed to raise any issue of equitable tolling but wholly failed to rebut or even mention Delta's timeliness argument.